# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| SNI SOLUTIONS, INC., an Illinois Corporation, and | |
| NATURAL ALTERNATIVES, LLC, a Kentucky Limited Liability Company, | No. 18-cv-04090 |
| Plaintiffs, | Honorable Sara Darrow |
| v. | Magistrate Judge Jonathan E. Hawley |
| UNIVAR USA, INC., a Washington Corporation, and | |
| ROAD SOLUTIONS, INC., an Indiana Corporation. | |
| Defendants. | |

**DEFENDANT UNIVAR USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(3)</u>**

## TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND RELEVANT TO THE PRESENT MOTION .....................1

III. ARGUMENT.................................................................................................................2

    A. Univar Does Not "Reside" in the Central District of Illinois. .................................2

    B. Plaintiff Does Not Allege that Univar Committed Acts of Infringement in the Central District of Illinois. ...............................................................................3

IV. CONCLUSION..............................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*BillingNetwork Patent, Inc. v. Modernizing Med., Inc.*,
  2017 WL 5146008 (N.D. Ill. Nov. 6, 2017) .................................................................. passim

*Shure, Inc. v. ClearOne, Inc.*,
  2018 WL 3032851 (N.D. Ill. March 16, 2018) ................................................................... 3, 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S.Ct. 1514 (2017) ................................................................................................. passim

**STATUTES**

735 ILCS 5/2-102(a) ............................................................................................................... 4

28 U.S.C. § 1391(b) ................................................................................................................ 2

28 U.S.C. § 1400(b) ................................................................................................... 1, 2, 3, 4

United States Code §§ 100 *et seq.* Title 35 ............................................................................ 1

Patent Act of 1953 .................................................................................................................. 1

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(3) .......................................................................... 1, 5

Defendant Univar USA, Inc. ("Univar") respectfully moves to dismiss plaintiffs SNI Solutions, Inc.'s ("SNI") and Natural Alternatives, LLC's ("Natural Alternatives," and, collectively with SNI, "Plaintiffs") Complaint (Dkt. 1) pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is not proper in this District.

## I.     INTRODUCTION

In patent infringement actions, such as the current case, 28 U.S.C. § 1400(b) is "the sole and exclusive provision controlling venue." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1519 (2017); *see also BillingNetwork Patent, Inc. v. Modernizing Med., Inc.*, 2017 WL 5146008, at *2 (N.D. Ill. Nov. 6, 2017). Section 1400(b) permits "any civil action for patent infringement" to be brought only in the judicial district: (1) "where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Plaintiffs have not carried their burden of demonstrating that venue is proper in the Central District of Illinois as to Univar under either prong of Section 1400(b). As to prong no. 1, Univar does not "reside" in the Central District of Illinois. As to prong no. 2, Plaintiffs' Complaint nowhere alleges that Univar committed acts of infringement in this District. Because venue is not proper in the Central District of Illinois, Plaintiffs' claim against Univar should be dismissed.

## II.    FACTUAL BACKGROUND RELEVANT TO THE PRESENT MOTION

Plaintiffs brought a three-count Complaint against Defendants Univar and Road Solutions, Inc. ("RSI") alleging infringement and induced infringement of U.S. Patent No. 6,080,330 (the "'330 Patent"). (Compl. at ¶¶ 1-3.) Under the Complaint heading "Jurisdiction and Venue," Plaintiffs allege, among other things, that "[t]his is a civil action arising primarily under the Patent Act of 1953 codified in Title 35 of the United States Code §§ 100 *et seq.*" (*Id.* at ¶ 10.)

As alleged in Plaintiffs' Complaint, Univar is a wholly-owned subsidiary, and the United States operation, of a leading global chemical distributor. (Compl. at ¶¶ 26-27.) The Complaint also correctly alleges that Univar is a corporation formed under the laws of the State of Washington, with its commercial headquarters located at 3075 Highland Parkway, Suite 200, Downers Grove, Illinois. (*Id.* at ¶ 6.)

Paragraph 16 of the Complaint – in which Plaintiffs identify the alleged bases for venue in the Central District of Illinois pursuant to 28 U.S.C. § 1400(b) – includes several Univar-specific allegations. (Compl. at ¶ 16.) The entirety of Paragraph 16 states that:

> Venue is proper in this Court pursuant to 28 U.S.C. §1400(b) in that: Univar's headquarters and acts of inducement to infringe occurred in this state; Univar maintains a regular and established place of business within this judicial district; Univar maintains its registered agent address in this district and therefore maintains a residence in this district under 735 ILCS 5/2-102(a) and RSI's acts of infringement occurred in this state.

(*Id.*)

### III.  ARGUMENT

The plaintiff bears the burden of establishing that venue is proper under 28 U.S.C. § 1400(b).[1] *BillingNetwork Patent*, 2017 WL 5146008, at *2. Plaintiffs have failed to demonstrate that venue is proper in the Central District of Illinois as to Univar. For that reason, Univar respectfully requests that the Court dismiss Plaintiffs' claim against Univar.

#### A.  **Univar Does Not "Reside" in the Central District of Illinois.**

With respect to the first prong of 28 U.S.C. 1400(b), the *TC Heartland* Court made clear that for purposes of a Section 1400(b) venue analysis, a domestic corporation "resides" only in its

---

[1] Because the Supreme Court has ruled that 28 U.S.C. § 1400(b) is "the sole and exclusive provision controlling venue" in patent infringement actions, Plaintiffs' effort to establish venue in this District pursuant to 28 U.S.C. § 1391(b) (Compl. at ¶ 15) fails. *TC Heartland*, 137 S.Ct. at 1519; *BillingNetwork Patent*, 2017 WL 5146008, at *2.

2

State of incorporation. *TC Heartland*, 137 S.Ct. at 1520 ("the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations. It refers only to the State of incorporation."); *see also BillingNetwork Patent*, 2017 WL 5146008, at *2 (defendant "resides" only in its State of incorporation for purposes of a venue analysis under 28 U.S.C. § 1400(b)); *Shure, Inc. v. ClearOne, Inc.*, 2018 WL 3032851, at *1 (N.D. Ill. March 16, 2018) (same).

Plaintiffs' Complaint accurately alleges that Univar is a corporation formed under the laws of the State of Washington. (Compl. at ¶ 6.) For this reason, Plaintiffs cannot establish that venue is proper in this District based upon the first prong of Section 1400(b).

### B. Plaintiff Does Not Allege that Univar Committed Acts of Infringement in the Central District of Illinois.

To establish venue under the second prong of Section 1400(b), Plaintiffs carry the burden of demonstrating that Univar has, within the Central District of Illinois, "committed acts of infringement" **_and_** "has a regular and established place of business." 28 U.S.C. § 1400(b). The law is clear that a plaintiff relying upon the second prong of Section 1400(b) to establish venue must demonstrate **_both_** that: (a) the defendant committed acts of infringement in the district and (b) the defendant has a regular and established place of business in the district. *TC Heartland*, 137 S.Ct. at 1516-17; *Shure*, 2018 WL 3032851, at *1 (dismissing complaint for improper venue under Section 1400(b)). Failure to adequately demonstrate either requirement mandates dismissal of a plaintiff's complaint. *TC Heartland*, 137 S.Ct. at 1516-17; *Shure*, 2018 WL 3032851, at *1.

To be clear, Univar denies that it violated the '330 Patent in the Central District of Illinois, or in any District. But with respect to the location of Univar's purported acts of infringement,

3

Plaintiffs' Complaint alleges only that "Univar's . . . acts of inducement to infringe occurred ***in this state.***" (Compl. at ¶ 16)[2] (emphasis added).

The Complaint fails to allege any Univar infringement in the Central District of Illinois. Notably, it appears that Plaintiffs understand and appreciate the distinction between alleging that certain Univar conduct "occurred in this state," as opposed to alleging that certain conduct occurred within the Central District of Illinois. Indeed, the very next clause of Paragraph 16 of the Complaint alleges that "Univar maintains a regular and established place of business ***within this judicial district.***" (*Id.*) (emphasis added).

Plaintiffs seemingly attempt to assert other bases to establish venue in this District pursuant to 28 U.S.C. § 1400(b), but none of those allegations cures the fatal flaws in Plaintiffs' Complaint. For example, Plaintiffs allege that "Univar's headquarters . . . [are] in this state." (Compl. at ¶ 16.) Although Plaintiffs accurately allege that Univar's headquarters are located in Downers Grove, Illinois – which is not within the Central District of Illinois (*see* http://www.ilcd.uscourts.gov/sites/ilcd/files/New_District_Map_June_2015.pdf) – that fact is irrelevant to this Court's venue analysis and has no bearing on whether venue properly exists in this District. 28 U.S.C. § 1400(b); *TC Heartland,* 137 S.Ct. at 1519; *BillingNetwork Patent*, 2017 WL 5146008, at *2.

Plaintiffs also allege that "Univar maintains its registered agent in this district and therefore maintains a residence in this district under 735 ILCS 5/2-102(a) . . ." (Compl. at ¶ 16.) But courts have considered – and rejected – the assertion that appointment of an agent satisfies Section 1400(b)'s requirement that a defendant has a regular and established place of business in the

---

[2] As noted above, Paragraph 16 of the Complaint purports to identify the alleged bases for venue in this District pursuant to 28 U.S.C. § 1400(b).

4

district. Specifically, in granting defendant's motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the *BillingNetwork Patent* court found that "[i]t is likewise irrelevant that, incident to Defendant's registration to do business in Illinois, it has appointed an agent for service of process in this state; that also has no bearing on whether Defendant maintains a physical place of business in this District." 2017 WL 5146008, at *2.[3]

## IV.  CONCLUSION

Univar does not reside in the Central District of Illinois and Plaintiffs have not alleged any facts demonstrating that Univar engaged in any purported acts of patent infringement in the Central District of Illinois. For these reasons, Univar respectfully requests that the Court dismiss Plaintiffs' claim against Univar pursuant to Federal Rule of Civil Procedure 12(b)(3).

Dated:   October 1, 2018                           Respectfully submitted,

 /s/ *Matt D. Basil*
Matt D. Basil (IL Bar No. 6242487)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
Fax: (312) 840-7636
mbasil@jenner.com

*Attorney for Univar USA, Inc.*

---

[3] Although not addressed in the present motion, Univar does not concede, and expressly reserves the right to challenge, the final assertion in Paragraph 16 of the Complaint that "Univar maintains a regular and established place of business within this judicial district." (Compl. at ¶ 16.) As noted above, in order to establish venue in this District, Plaintiffs carry the burden of demonstrating both: (a) Univar committed acts of infringement in the District, and (b) Univar has a regular and established place of business in the District. *TC Heartland*, 137 S.Ct. at 1516-17; *Shure*, 2018 WL 3032851, at *1. Plaintiffs' failure to demonstrate that Univar committed acts of infringement in the Central District of Illinois, alone, mandates dismissal of the Complaint. *TC Heartland*, 137 S.Ct. at 1516-17; *Shure*, 2018 WL 3032851, at *1.

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I caused true and correct copies of DEFENDANT UNIVAR USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(3) to be served on all counsel of record via the Court's ECF system.

/s/ Matt D. Basil